STATE of Minnesota, Plaintiff,

v.

Yves Montand GUY, Michael Lee Kidd, Michael Douglas Harvey, Daniel Maurice Winston, Defendants.

No. 51407.

Supreme Court of Minnesota.

Aug. 12, 1980.

Warren Spannaus, Atty. Gen., St. Paul, Thomas Johnson, County Atty., and David W. Larson, Asst. County Atty., Minneapolis, for plaintiff.

Clayton Tyler, Legal Rights Center, Inc., Minneapolis, for Guy.

Peter W. Gorman, Minneapolis, for Kidd.

Phillip S. Resnick, Minneapolis, for Harvey.

Ronald M. Diker, Minneapolis, for Winston.

SHERAN, Chief Justice.

The trial court, after a suppression hearing, certified as important and doubtful issues of standing of defendants who relied on doctrine of automatic standing for possessory offenses. The doubt was over whether *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), which abolished automatic standing as a matter of federal constitutional law for nonpossessory offenses, also applied to possessory offenses. While this appeal was pending the United States Supreme Court in *United States v. Salvucci*, ‑‑ U.S. ‑‑‑‑, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980) and *Rawlings v. Kentucky* ‑‑ U.S. ‑‑‑ ‑‑, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980), decided this issue, rejecting the doctrine of automatic standing as a matter of federal constitutional law in the context of possessory offenses. Accordingly, the justification for certification in this case no longer exists. As in *Salvucci*, we remand to the trial court so that defendants may have the opportunity to demonstrate, if they can, that their own Fourth Amendment rights were violated. We leave for post-trial appeal, if any, the issue whether as a matter of state constitutional law the doctrine of automatic standing should have continued vitality in this context.

Remanded.